UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **FIRST HORIZON NATIONAL CORPORATION, FTN FINANCIAL SECURITIES CORP., and FIRST TENNESSEE BANK NATIONAL ASSOCIATION,** )<br>)<br>)<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**CERTAIN UNDERWRITERS AT LLOYD'S,** )<br>Specifically Syndicate Nos. 2987 BRT and )<br>2488 AGM, Subscribing to Policy Nos. )<br>QA051908/1 and QA052008/1, **and** )<br>)<br>**ASPEN INSURANCE UK LIMITED,** )<br>Subscribing to Policy Nos. )<br>QA051908/1 and QA052008/1, )<br>)<br>**U.S. SPECIALTY INSURANCE COMPANY, and** )<br>)<br>**FEDERAL INSURANCE COMPANY,** )<br>)<br>**Defendants.** )<br>) | CIVIL ACTION<br>NO. 2:11-cv-02608<br><br><br>JURY TRIAL DEMANDED |

## STIPULATED PROTECTIVE ORDER

**THIS MATTER** having come before the Court upon the application of the parties to this action, and for good cause shown; on this __ day of August 2012, it is **ORDERED** that:

1.     Plaintiffs and Defendants, and certain non-parties to this action that may respond to discovery in this action, are engaged in litigation in other jurisdictions and in proprietary business activities and could suffer immediate and irreparable harm if certain Documents, as defined below, were disclosed without adequate safeguards.

2. This Order shall govern the handling of all Documents provided to a party to this action by Subject Persons. As used in this Order, "Subject Person" means any party to this action or any other person making itself subject to this order by signing an Acknowledgment in the form attached here as Appendix A.

3. As used in this Order, "Document" shall include the materials listed in Fed. R. Civ. P. 34(a), any responses to written discovery, and deposition testimony.

4. A Subject Person disclosing Documents in this action may designate all or a portion of those Documents as "Confidential." Such a designation shall constitute a representation by the Subject Person that it believes in good faith that the Document so designated contains non-public proprietary or sensitive information or personal information whose unrestricted disclosure could cause competitive or other injury to the disclosing Subject Person. Subject Persons shall reasonably limit in scope all "Confidential" designations.

5. A Subject Person designating Documents as "Confidential" shall do so in any way reasonably calculated to advise any other Subject Person of that designation, including but not limited to by:

(a) During a deposition, indicating on the record that certain testimony is designated as "Confidential";

(b) After a deposition, notifying all parties in writing no later than 30 days from receipt of the transcript that certain testimony is designated as "Confidential";

(c) Affixing appropriate labels to such designated Documents; or

(d) Designating specific Documents as "Confidential" in correspondence provided to all parties to this action.

For a period of 10 days from the date of delivery by the reporter, Subject Persons shall treat each deposition transcript as "Confidential" in its entirety.

6. Subject Persons receiving "Confidential" Documents may disclose these Documents only to:

   (a) A lawyer for a party in this case, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff, including secretaries, paralegals and document clerks;

   (b) Each party to this action, and any current or former partner, director, officer, employee or agent of a party that is involved in a review of this matter or any aspect thereof as part of his or her typical responsibilities or who is requested by that party or any of its attorneys to work on this action, and any reinsurer, accountant, actuary, auditor or regulator of any of the defendants;

   (c) Xchanging Claims Services ("XCS"), as the authorized claims representative of the Lloyds' following market involved in this matter, and any current or former director, officer, employee or agent of XCS that is involved in a review of this matter or any aspect thereof as part of his or her typical responsibilities or who is requested by a party or any of its attorneys to work on this action;

   (d) Independent experts or consultants retained by a party to this action for the purpose of assisting in this litigation, including their staff, but only as necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

   (e) Any witness in this litigation, and his or her counsel, but only for the witness's review in preparation for or during his or her deposition or in preparation for his or her testimony at trial or a hearing in this litigation;

(f) Mediators, arbitrators, or similar outside parties and their staffs enlisted by the parties in this action to assist in its resolution;

(g) Outside commercial copying or electronic document hosting services;

(h) Privately retained reporters, videographers or transcribers;

(i) The Court and its personnel; and

(j) Any person to whom the information justifying the Document's designation as "Confidential" has previously been disclosed by the disclosing Subject Person.

(k) Any other person for whom the party receiving the information can show good cause.

Notwithstanding the foregoing, nothing in this Order will bar or otherwise restrict Counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon Confidential material in rendering such advice.

7. Subject Persons receiving Documents designated as "Confidential" shall:

(a) not disclose such Documents except as permitted under this Confidentiality Agreement;

(b) use those Documents only in the prosecution or defense of this action; and

(c) maintain those Documents in a manner reasonably designed to prevent their unauthorized disclosure.

8. All Subject Persons receiving any Document designated as "Confidential" under paragraphs 7(d), (e), (f) (h), (j) and (k) shall sign an Acknowledgment in the form attached here as Appendix A. Each Subject Person disclosing Documents under paragraph 7 shall maintain signed copies of all Acknowledgments obtained by that disclosing Subject Person.

9. This Protective Order shall apply only to the pretrial process. The Court will consider the treatment of Confidential material at trial at a later date. A party who seeks to introduce protected information at a pre-trial hearing or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected.

10. "Confidential" Documents shall be filed under seal, and the Subject Person filing the "Confidential" Documents must prominently mark the submission with the caption of the case and the following statement:

**CONTAINS CONFIDENTIAL MATERIAL**
**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**
**CIVIL ACTION NO. 2:11-cv-02608**

11. A Subject Person who files "Confidential" Documents under seal shall also mark the cover page of each such Document with the legend, "FILED UNDER SEAL." Documents filed under seal will be maintained separately from the public records in this action, and shall be released only to persons entitled to have access to such materials under this Protective Order, or as further ordered by the Court.

12. Nothing in this Order shall prevent the disclosure of Documents designated as "Confidential":

  (a) by the Subject Person so designating such Documents;

  (b) by Subject Persons under terms consented to by the Subject Person designating the Document(s); or

  (c) by Court Order, after notice to all affected parties.

13. A Subject Person inadvertently disclosing "Confidential" Documents without the proper designation may, within 10 business days of learning of such disclosure, substitute properly designated Documents for those inadvertently disclosed without designation. A Subject

Person receiving such subsequently designated Documents shall within ten business days of these Documents' receipt:

    (a)    give notice to each Subject Person to whom the receiving Subject Person disclosed undesignated Documents:

    (b)    attempt to retrieve all previously disclosed copies of such Documents; and

    (c)    substitute the properly designated Documents.

14.    Any Subject Person who receives from persons not subject to this Order a request or demand otherwise effective under state or federal law for Documents designated as "Confidential" by other Subject Parties shall:

    (a)    give written notice to the designating Subject Person and to all parties to this action within ten business days of receiving the request or demand; and

    (b)    withhold production of the Documents for as long as permitted by law or until authorized to disclose the Documents by the Court or designating Subject Party. Nothing in this agreement, however, shall prevent any Subject Person from, after providing the written notice described in this paragraph, disclosing any such Document by the date indicated by an administrative or court order, demand, summons, subpoena, or other request or demand from any governmental agency or grand jury.

15.    A party to this action shall not be obligated to challenge the withholding of Documents from production or designation of documents as "Confidential" by another Subject Person at the time the Documents are withheld or designated, and a party to this action's failure to challenge the withholding at that time shall not preclude a later challenge. Upon a challenge to an assertion of such protection from disclosure or confidentiality by a party to this action, the Subject Persons shall try first to resolve such dispute in good faith and on an informal basis. If

the Subject Persons cannot resolve their dispute informally, the Subject Person opposing disclosure of Document(s) or seeking the confidentiality protection shall have the burden of applying to the Court for a protective order specific to those Documents.

16. In the interests of streamlining discovery and avoiding unnecessary conflicts between the parties, if during the course of this case, a Subject Person produces or discloses a Document, including electronically stored information, that the Subject Person claims to be privileged or protected from discovery by the attorney work-product doctrine, the producing Subject Person will give notice thereof to the receiving Subject person in writing. Within 5 days of receiving such notice, the Document in question (and all notes and work product quoting, referring, or relating thereto) will then be returned to the producing Subject Person or the receiving Subject Person will certify that any and all copies of the Document (and all notes and work product quoting, referring, or relating thereto) have been retrieved and destroyed. If the receiving Subject Person has disclosed the information to others before being notified of the claim of privilege or protection, the receiving Subject Person must take reasonable steps to retrieve and return or destroy the disclosed information. The receiving Subject Person upon receiving a privilege log identifying the document or information remains free to challenge any claim of privilege or protection, but shall not make any claim that the production of the document effected a waiver of any privilege or protection. Moreover, absent a ruling that the Document at issue is not privileged or protected, a receiving Subject Person may not disclose nor make any use whatsoever of the Document or any information disclosed in or derived from the Document at issue. In the interests of effectuating this order and protecting the efficient process of discovery in this Court, the Court further rules that productions during the course of this case of Documents claimed to be privileged or protected and sought to be reclaimed by a Subject

Person under this paragraph shall not be used as grounds by any non-party to argue that any waiver of privilege or protection has occurred by virtue of any production. Any analyses, memoranda or notes which were generated based upon such inadvertently-produced information shall immediately be treated in conformance with the protected nature of the information.

17. Within forty-five days of the final conclusion of all aspects of this litigation, including any and all appeals, the parties shall identify all persons to whom designated materials were produced and shall either (a) assemble and return to the person providing information designated as "Confidential" all such material in his or her possession or (b) destroy all such material in his or her possession, delivering to the person providing such information a written certificate that he or she has complied with this Order. Notwithstanding the foregoing, at the close of the case, the parties and their outside counsel may retain copies of "Confidential" materials that were filed with the Court, used at trial, or made an exhibit to a deposition so long as such documents are held in the strictest confidence and remain subject to the provisions of this Protective Order.

18. The notices required in this Order shall be directed to the Subject Person's counsel of record or, if none, that Subject Person's specifically designated representative.

*s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

Appendix A

**<u>ACKNOWLEDGMENT</u>**

The undersigned has been provided with a copy of the foregoing Protective Order entered in the case captioned *First Horizon National Corporation, et al. v. Certain Underwriters at Lloyd's, et al.*, Civil Action No. 2:11-cv-02608 (W.D. Tenn.), has had an opportunity to review the Protective Order, and is fully familiar with all of the terms of the Protective Order. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

Signature: _____

Print Name: _____

Address: _____

_____

_____

Date Signed: _____