IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **FIRST HORIZON NATIONAL CORPORATION, et al.,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 11-2608 |
| **CERTAIN UNDERWRITERS AT LLOYD'S, et al.,** | ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND**

Before the Court is Plaintiffs First Horizon National Corporation, FTN Financial Securities Corporation, and First Tennessee Bank National Association's (collectively, "First Horizon") motion for leave to file a Second Amended Complaint. (ECF No. 59) (the "Motion.") Defendants Certain Underwriters at Lloyd's ("Lloyd's"), Aspen Insurance UK Limited, U.S. Specialty Insurance, and Federal Insurance Company (collectively, the "Defendants") have all timely responded. (See ECF Nos. 60-62, 64.) Federal Insurance Company filed the primary response, in which the remaining Defendants joined. First Horizon replied on August 10, 2012. (See Pl.'s Reply, ECF No. 70.) For the following reasons, First Horizon's Motion is GRANTED.

**I. Background**

The parties' underlying dispute arises from five separate, but related insurance policies (the "Policies") between First Horizon and Defendants. (See Proposed Second Amended Compl. ¶¶ 1-14.) On July 18, 2011, First Horizon filed suit, alleging that Defendants had refused to honor provisions in the Policies that protected First Horizon from losses incurred in two lawsuits, which are referred to as the "Grede Lawsuits." (Id. ¶ 1.) First Horizon sought relief for breach of contract and violation of the Tennessee Consumer Protection Act ("TCPA"). (Id. ¶¶ 42-60.) On August 3, 2011, First Horizon filed an Amended Complaint. (ECF No. 6.) On June 29, 2012, First Horizon sought leave to file a Second Amended Complaint to allege facts that were not available when the original complaints were filed and to add a claim for Defendants' bad-faith refusal to honor their obligations under the Policies. (See id. ¶¶ 77-84.) First Horizon seeks statutory damages and attorney's fees, in addition to compensatory damages and a declaration that the Policies cover First Horizon's losses.

II.  **Standard of Review**

Under Rule 15(a)(1)(B), a party may amend its complaint within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B); accord Molly Maid, Inc. v. O'Daniel, No. 10-cv-1337, 2011 U.S. Dist. LEXIS 81447, at *5 (E.D. Mich. June 20, 2011); Gleich v. St. Andrew Sch., No.

2

2:10-cv-894, 2011 U.S. Dist. LEXIS 113176, at *1 (S.D. Ohio Sept. 30, 2011); Middleton v. Rogers Ltd., Inc., No. 1:10-CV-821, 2011 U.S. Dist. LEXIS 81204, at *13 (S.D. Ohio July 26, 2011). In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants have not consented to amendment. Leave of court is required.

The Court's discretion to allow amendment is guided by "Rule 15's mandate that leave is to be freely given when justice so requires." Liberty Mut. Ins. Co. Hurricane Logistics Co., 216 F.R.D. 14, 16 (D.D.C. 2003) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)); see also Roloff v. Arabian Am. Oil Co., 421 F.2d 240, 242 (2d Cir. 1970) ("This mandate that leave to amend be freely given is to be heeded."). "Normally, federal courts favor liberality in permitting amendments to pleadings." Hayden v. Ford Motor Co., 497 F.2d 1292, 1293 (6th Cir. 1974). Courts follow the policy of liberality to facilitate decisions on the merits, rather than decisions "based on procedural technicalities." Chase v. Matsu Mfg., 147 F. App'x 507, 515 (6th Cir. 2005) (citing Forman, 371 U.S. at 181); see also United States v. Hougham, 364 U.S. 310, 317 (1960) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to

3

facilitate a proper decision on the merits."); Guelen v. Distinctive Pers., Inc., 2011 U.S. Dist. LEXIS 86064, at *8 (E.D.N.Y. Aug. 4, 2011).

The right to amend is neither absolute nor automatic. See Tucker v. Middleburg-Legacy Place, LLC, 539 F.3d 545, 551 (6th Cir. 2008). A motion to amend should be denied where it is "brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) (citation omitted); see also New Albany Tractor, Inc. v. Louisville Tractor, Inc., 650 F.3d 1046, 1052-53 (6th Cir. 2011) (citation omitted).

**III. Analysis**

Defendants oppose the Second Amended Complaint as futile. According to Defendants, inconsistencies in demand letters sent by First Horizon, "coupled with [First Horizon's] failure to respond to Federal's reasons for believing that there is no coverage at its high excess level, shows that First Horizon has not fairly complied with Tennessee's Bad Faith Statute." (Federal Mem. 18, ECF No. 61.) Defendants also argue that First Horizon's bad-faith claim would not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

It is well-settled that a "trial court may assess the legal sufficiency of a contemplated amendment in considering the

4

propriety of granting leave to amend under Fed. R. Civ. P. 15(a) and deny the motion if amendment would be futile." Gibson v. Mortg. Elec. Registration Sys., No. 11-2173-STA, 2012 U.S. Dist. LEXIS 63510, at *11 (W.D. Tenn. May 7, 2012) (citing Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 519 (6th Cir. 2001)). A proposed amended pleading is futile if it would not withstand a motion to dismiss under Rule 12(b)(6). Id. (citing Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 520 (6th Cir. 2010)).

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per

5

curiam). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Twombly, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id.

**A. First Horizon Complied With the 60-day Demand Requirement**

Count Four of the Second Amended Complaint alleges that Defendants "have failed to act in good faith in refusing to pay First Horizon's claim under the Policies. There are no legitimate or substantial legal grounds for the [Defendants'] denial of coverage." (Second Am. Compl. ¶ 82.) The legal basis for First Horizon's bad-faith claim is Tenn. Code. Ann. § 56-7-105, otherwise known as Tennessee's bad-faith statute. See

6

Croom v. Guideone Am. Ins. Co., No-06-cv-1238, 2009 U.S. Dist. LEXIS 105723, at *12 (W.D. Tenn. Mar. 23, 2009). To recover under § 56-7-105, an insured must satisfy four elements: (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making his demand before filing suit . . . and, (4) the refusal to pay must not have been in good faith." Id. (quoting Palmer v. Nationwide Mutual Fire Insurance Co., 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986)). The parties contest whether First Horizon satisfied the third element, which requires a 60-day waiting period before a plaintiff may file suit under § 56-7-105.

Defendants argue that First Horizon has forfeited its bad-faith claim because the original complaint included allegations of bad faith under the TCPA. More specifically, because First Horizon raised "a bad faith claim" in its original complaint, First Horizon may not initiate and complete the 60-day formal demand period before amending the complaint to include claims under § 56-7-105. (Federal's Mem. 20.) First Horizon argues that the TCPA and § 56-7-105 are different statutes with unique requirements. First Horizon also argues that nothing precludes a party from initiating the demand process after a case has been filed, so long as the original complaint does not include allegations under § 56-7-105. Both parties rely on Wilmington

Plantation, Inc. v. Fidelity Nat'l Title Ins. Co., No. 3:10-1218, 2011 U.S. Dist. LEXIS 124372 (M.D. Tenn. Oct. 27, 2011).

In Wilmington Plantation, a district court in this circuit denied as futile a request to amend a complaint to include allegations of bad faith under § 56-7-105. Id. at *3. The original complaint had included allegations of bad faith under § 56-7-105, but the plaintiff had not satisfied that statute's 60-day formal demand requirement. Id. The court concluded that a plaintiff may not initiate the formal demand process after filing a complaint that included bad-faith allegations under § 56-7-105. Id. at 4. The court's conclusion rested on notice. Section 56-7-105's formal demand requirement notifies parties of the need to avoid suit, "'the underlying thought being that the insurers on formal demand [] would . . . be induced to pay the loss without suit.'" Id. at *6 (quoting Cracker Barrel Old Country Store, Inc. v. Cincinnati Ins. Co., 590 F. Supp. 2d 970, 975 (M.D. Tenn. 2008), overruled on other grounds by Heil Co. v. Evanston Ins. Co., No. 11-6252, 2012 U.S. App. LEXIS 16104, at *18-19 (6th Cir. Aug. 3, 2012) (a formal "demand" under § 56-7-105 does not require an "explicit threat of bad faith litigation.")). Because "the actual demand came after statutory penalties for bad faith had been sought, and at a time when Fidelity was actively engaged in defending itself against a bad

8

faith claim[,]" the plaintiff's subsequent attempt to comply with § 56-7-105 was futile. Id. at *7 (emphasis added).

The plaintiff in Wilmington Plantation, unlike First Horizon, sought damages for bad faith under § 56-7-105 before satisfying the 60-day formal demand requirement. Id. at *3-4. The court distinguished Mitchell v. New Hampshire Ins. Co., 1990 Tenn. App. LEXIS 286 (Tenn. Ct. App. Apr. 25, 1990), in which the Tennessee Court of Appeals permitted a plaintiff to amend its complaint after complying with the 60-day formal demand requirement. Id. at *4. The plaintiff's initial complaint had not contained allegations under § 56-7-105. Id. Similarly, First Horizon's initial complaints did not allege bad-faith violations under § 56-7-105. First Horizon did not seek to amend its Complaint to include § 56-7-105 violations until it had complied with the 60-day formal demand requirement. First Horizon complied with the requirements of § 56-7-105.

Defendants argue that First Horizon forfeited its claim under § 56-7-105 by initially bringing "a bad faith claim" under the TCPA. (Federal Mem. 20.) Section 56-7-105 permits plaintiffs to bring bad-faith actions "in all cases when a loss occurs and [insurers] refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy." Under Defendants' theory, the 60-day demand requirement "in all

9

cases" would apply, not only to § 56-7-105, but also to the TCPA.

The TCPA does not include a notice or demand requirement. Indeed, the TCPA explicitly provides that an "action may be brought in a court of competent jurisdiction in the county where the alleged unfair or deceptive act or practice took place, is taking place, or is about to take place." Tenn. Code Ann. § 47-18-109(a)(2) (emphasis added). The plain language of the TCPA permits plaintiffs to file suits prospectively, not only after a wrong has occurred. The differences between the TCPA and § 56-7-105 suggest that bad-faith claims brought under the respective statutes are not identical and that the 60-day demand provision does not apply to claims brought under the TCPA. See, e.g., Wilson v. State Farm Fire & Cas. Co., 799 F. Supp. 2d 829, 841-44 (E.D. Tenn. 2011) (separately considering and applying facts to claims brought under the TCPA and § 56-7-105). Defendants have cited no authority, and the Court has found none, concluding otherwise. First Horizon has alleged that it waited sixty days after demand before seeking to amend the First Amended Complaint to include violations of § 56-7-105. (See Second Amended Complaint ¶¶ 63, 81.) First Horizon has not forfeited its bad-faith claim under § 56-7-105.

**B. First Horizon's Bad-faith Claim is Plausible**

10

Defendants argue that First Horizon's bad-faith claim is implausible. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. A plaintiff's claim "need not be probable, only plausible: 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556); accord McLemore v. Regions Bank, 682 F.3d 414, 421 (6th Cir. 2012). The Court "must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true." Murphy v. Sw. Tenn. Cmty. Coll., No. 08-2760, 2010 U.S. Dist. LEXIS 13506, at *6 (W.D. Tenn. Feb. 17, 2010) (internal citation and quotation marks omitted).

To state a claim for bad-faith refusal to pay under Tennessee law, a plaintiff must plead that: (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making his demand before filing suit . . . and, (4) the refusal to pay must not have been in good faith." See Croom, 2009 U.S. Dist. LEXIS 105723, at *12.

11

First Horizon avers that the Policies protected against "losses arising from third-party claims alleging wrongful acts related to Plaintiffs' rendering of, or failure to render, professional services." (Second Am. Compl. ¶ 1.) Defending against the Grede Lawsuits allegedly caused First Horizon to incur defense costs that exceeded its "retention by more than $20 million, thereby triggering coverage under the Policies." (Id. ¶ 54.) First Horizon also allegedly settled the Grede Lawsuits for more than $36 million and funded the entire amount. (Id. ¶ 79.) "Defendants' coverage obligations under the Policies are triggered by the settlement and the defense costs incurred in excess of the self-insured retention." (Id. ¶ 40.) First Horizon alleges that its claim "under the Policies for reimbursement of the $36,626,363.27 settlement payment and the $20 million in defense costs in excess of the retention has, [] by the Policies' terms, become due and payable." (Id. ¶ 79.)

First Horizon allegedly sent formal demand letters to Defendants on August 4, 2011, "which demanded that the Insurers fulfill their legal obligations under the Policies by agreeing to fund the settlements and defense costs related to the Grede Lawsuits." (Id. ¶ 59.) The letters informed Defendants that a failure to comply with "their obligations under the Policies" would result in First Horizon's asserting a claim under § 56-7-105. (Id. ¶¶ 57, 78.) Subsequent formal demand letters were

12

sent to Defendants on April 4, 2012, threatening a lawsuit under § 56-7-105. (Id. ¶¶ 61, 80.) The Second Amended Complaint alleges that, "[u]pon the date of filing this Second Amended Complaint, more than sixty days have passed since First Horizon's August 4, 2011 and April 4, 2012 demand letters." (Id. ¶ 81; see also id. ¶ 78.)

First Horizon alleges that Defendants wrongfully relied on exclusion provisions in the Policies. (Id. ¶ 44.) First Horizon alleges that it responded to Defendants' explanations, arguing that there was "no substantial or sound legal basis for invoking [the] exclusion to preclude coverage for the Grede Lawsuits." (Id. ¶ 45.) First Horizon avers that Defendants never directly responded to arguments in favor of reimbursement. (Id. ¶ 49.) The August 4 and April 4 demand letters allegedly provided Defendants with "ample opportunity to consider the consequences of continuing to deny coverage of a due and payable claim without any legal basis for their denials." (Id. ¶ 62.) Defendants' alleged "failure to act in good faith has inflicted upon First Horizon expense, loss, and injury in addition to the amount claimed under the Policies." (Id. ¶ 83.)

Accepting its facts as true, the Second Amended Complaint states a claim for relief that is plausible on its face. First Horizon has pled direct or inferential facts that support each element of a claim under § 56-7-105. First Horizon alleges

13

timely demand that otherwise conforms to the requirements of § 56-7-105, including the contention that "there were no legitimate grounds for disagreement about the coverage of the insurance policy." State Auto. Mut. Ins. Co. v. R.H.L., Inc., No. 07-1197, 2010 U.S. Dist. LEXIS 23390, at *44 (W.D. Tenn. Mar. 12, 2010) (citation omitted). Although Defendants may disagree with the substance of First Horizon's allegations, the facts as pled establish a right to relief that is above the speculative level.

Defendants argue that First Horizon's bad-faith claim is implausible, identifying provisions in the Policies that support exclusion and exhibits outside the pleadings. As a threshold matter, "Rule 12(b)(6) . . . does not permit courts to consider evidence extrinsic to the pleadings." Tackett v. M & G Polymers, 561 F.3d 478, 487 (6th Cir. 2006). Only when "a document is referred to in the complaint and is central to the plaintiff's claim" may the defendant "submit an authentic copy to the court to be considered on a motion to dismiss." Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999) (quotation marks omitted); accord Notredan, LLC v. Old Republic Exch. Facilitator Co., No. 11-2987-STA-tmp, 2012 U.S. Dist. LEXIS 48976, at *13 (W.D. Tenn. Apr. 6, 2012). The exhibits offered by Defendants are not referred to in the Second Amended Complaint.

To the extent Defendants rely on provisions in the Policies to justify their denial of coverage, that reliance is more appropriate for a later stage of the litigation. The authorities cited by Defendants address the application of § 56-7-105 at the summary judgment stage or later. See, e.g., State Auto, 2010 U.S. Dist. LEXIS 23390, at *43-44 (granting summary judgment to defendant insurer because the court found a policy exception applicable). To entertain Defendants' argument would exceed the scope of the Court's inquiry under Rule 12. See Gunn v. Bluecross Blueshield of Tenn., Inc., No. 1:11-CV-183, 2012 U.S. Dist. LEXIS 68455, at *14 (E.D. Tenn. May 15, 2012) ("[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim.") (quoting Fortner v. Thomas, 983 F.2d 1024, 1028 (11th Cir. 1993)); see also Salois v. Dime Sav. Bank, FSB, 1996 U.S. Dist. LEXIS 21901, at *12 (D, Mass. Nov. 13, 1996) ("In ruling on a motion to dismiss for failure to state a claim, the Court may look only to the complaint itself, . . . even if the defendant raises affirmative defenses.").

**C. Local Rule 7.2(b)**

Defendants argue that First Horizon's Motion should be denied for failure to comply with Local Rule 7.2(B). First Horizon originally filed its Second Amended Complaint without consulting Defendants, based on its understanding of the Joint

Proposed Scheduling Order. Defendants' argument is moot. (See ECF No. 71) (vacating the previously filed Second Amended Complaint.)

**IV. Conclusion**

For the foregoing reasons, First Horizon's Motion is GRANTED.

So ordered this 11th day of September, 2012.

                                    s/ Samuel H. Mays, Jr.
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT JUDGE